IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. CR-11-64-D |
| ) | |
| TERRY JO ROLLINGS,    ) | |
| ) | |
| Defendant.    ) | |

**ORDER DENYING DEFENDANT'S MOTION
FOR BAIL PENDING APPEAL**

Defendant Terry Jo Rollings, appearing through newly retained counsel, has filed a Motion for Bail Pending Appeal [Doc. No. 135]. This filing comes on the eve of Defendant's deadline to surrender for the service of his sentence. Because the Court finds the Motion to be insufficient to obtain the relief sought, the Court denies it without need for a response by the government.

Defendant stands convicted by a guilty plea of concealing stolen property taken in interstate commerce, in violation of 18 U.S.C. § 659, as charged in Count 3 of the Third Superseding Indictment. Defendant was sentenced to a 66-month term of imprisonment and ordered to pay restitution in the amount of $499,035.48. At the sentencing hearing, the Court ordered a stay of execution of sentence until February 5, 2013, and permitted Defendant to remain on his existing bond until reporting to the designated prison. Defendant has filed a timely appeal, No. 13-6014, which remains pending.

To avoid detention during the pendency of his appeal, Defendant must show "(A) by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other

person or the community if released under section 3142(b) or (c) . . . " <u>and</u> (B) that the appeal "raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."[1] 18 U.S.C. § 3143(a)(1). Under controlling precedent, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

Defendant contends he has demonstrated that he is not a flight risk and that he poses no danger to any person or the community. Defendant also identifies a single legal issue for appeal that he deems substantial: the Court's failure to conduct a *Faretta*[2] inquiry at sentencing, after Defendant presented a handwritten document entitled "Rebuttal Pro Se." Defendant contends his presentation of this document constituted "a clear and unequivocal request to waive his right to counsel at sentencing and to proceed pro se." *See* Motion at p. 5 (numbering generated by ECF system). Defendant acknowledges that his plea agreement contained a waiver of his right to appeal, provided the sentence imposed is within or below the advisory guideline range determined by the Court to

---

[1] As previously indicated, Defendant has remained free on bond during the pendency of his case, and thus, he has served no time to date.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

apply.[3]   However, Defendant asserts that the waiver is unenforceable because he received ineffective assistance of counsel that affected the voluntariness of his guilty plea.

Upon consideration of the Motion, the Court is aware of no change of circumstances that would increase Defendant's risk of flight or dangerousness during the pendency of his appeal. However, based on the Court's familiarity with the case and the applicable law, the Court finds that Defendant has not identified a substantial issue that is likely to result in a reversal of his conviction on appeal, a new trial, or a reduced sentence. During the sentencing hearing, Defendant presented a handwritten document containing a list of issues or questions that he believed should have been raised as objections to the presentence report, including the impact of a cooperation agreement with state authorities. Assuming that Defendant could successfully avoid his appeal waiver, which is far from clear, the Court finds that the legal issue he seeks to raise on appeal – the lack of a *Faretta* hearing – is not substantial.

To invoke a defendant's constitutional right to self-representation, and so require a *Faretta* hearing, the defendant must meet several requirements. "First, the defendant must 'clearly and unequivocally declare[ ]' his intention to proceed pro se." *Munkus v. Furlong,* 170 F.3d 980, 983-84 (10th Cir. 1999) (quoting *Faretta*, 422 U.S. at 835). Neither the document that Defendant presented to the Court at sentencing, nor any oral statement by Defendant during the hearing, constituted such a declaration. Therefore, Defendant's right to self-representation was not implicated in this case.

---

[3] Defendant received a sentence below the guideline range of 87 to 108 months.

For these reasons, the Court finds that Defendant's Motion fails to allege a sufficient basis for the Court to order his release pending appeal.

IT IS THEREFORE ORDERED that Defendant's Motion for Bail Pending Appeal [Doc. No. 135] is DENIED.

IT IS SO ORDERED this 5th day of February, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE